Filed 4/26/23  P. v. Fontenot CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE LUIS FONTENOT,<br><br>    Defendant and Appellant. | D079573<br><br>(Super. Ct. No. FBA1100269) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Lisa M. Rogan, Judge.  Conditionally reversed and remanded.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Jose Luis Fontenot was charged in count 1 with the 2011 murder of J.H, his stepfather, and in count 2 with the 2009 murder of G.B. (Pen. Code,[1] §§ 187, subd. (a), 667.5(c).) Fontenot was also charged with gun enhancements for personally and intentionally discharging a firearm and causing great bodily injury and death. (§ 12022.53, subd. (d).) The complaint further charged him with lesser-included gun enhancements. (§ 12022.53, subds. (b) & (c).)

A jury convicted him of first degree murder in count 1, and it found true the allegation that he intentionally and personally used a firearm in the commission of the crime. (§§ 187, subd. (a), 12022.53, subd. (d); count 1.) It also convicted Fontenot of second degree murder and found true the allegation that he intentionally and personally used a firearm in the commission G.B.'s murder. (§§ 187, subd. (a), 12022.53, subd. (d); count 2.) He was a juvenile in 2009 when he committed the crime. Fontenot appealed, contending the 2009 crime should have been handled by the juvenile court, and challenging the sentence. (*People v. Fontenot* (Jan. 14, 2019, D074575) [nonpub. opn.].) We conditionally reversed the conviction on count 2 and remanded the matter for further resentencing.

On remand, the juvenile court concluded Fontenot was appropriately transferred to criminal court. It resentenced Fontenot, imposing life in prison without parole for count 1 and 15 years to life for count 2, to run consecutively. It also imposed gun enhancements of 25 years to life on each count, totaling an additional 50 years to life, also to run consecutively.

In this appeal, Fontenot contends we must conditionally reverse the conviction on count 2 so that the juvenile court can evaluate whether the

---

1  Statutory references are to the Penal Code unless otherwise specified.

2

matter was appropriately transferred to the criminal court under the burden of proof outlined in newly-amended Welfare and Institutions Code section 707. He also contends the matter must be remanded for resentencing in criminal court because the court did not understand its discretion under sections 12022.53 and 669. Finally, he asks for corrections to the abstract of judgment that were not completed following the previous appeal.

The Attorney General agrees that the judgment of the criminal court on count 2 should be conditionally reversed with directions to the juvenile court to conduct a transfer hearing under the new standard for burden of proof. We accept this concession, and we conditionally reverse that judgment.

We also agree with Fontenot that the court was not aware of its discretion under sections 12022.53 and 669, and so we remand the matter for resentencing. Because the superior court failed to make corrections to the abstract of judgment as instructed, we also direct it to make those corrections.

## I.

## BACKGROUND AND PROCEDURAL FACTS

*Convictions and First Sentencing Hearing*

We take the following facts from our previous opinion, *People v. Fontenot, supra,* D074575 (*Fontenot*):

"In May 2011, Fontenot was charged in count 1 with the murder of his stepfather, J.H., in violation of section 187, subdivision (a), and with personally and intentionally discharging a firearm. (§§ 12022.53, subds. (b)-(d), 1192.7, subd. (c)(8), 667.5 subd. (c)(8) ). While Fontenot was in custody, police learned Fontenot was also responsible for the 2009 homicide of G.B., when Fontenot was 17 years and four months old. In November 2011, Fontenot was charged in count 2 with G.B.'s murder and with personally and

3

intentionally discharging a firearm. (§§ 12022.53, subds. (b)-(d), 1192.7, subd. (c)(8), 667.5 subd. (c)(8).) He was also charged with a multiple murders special circumstance that would warrant a sentence of life in prison without the possibility of parole if found true. (§ 190.2, subd. (a)(3).)

"Trial eventually commenced in August 2016.[2] In September 2016, a jury found Fontenot guilty of second degree murder on count 2 and found true that Fontenot personally and intentionally discharged a firearm, causing death to G.B. The jury deadlocked on count 1, and the court declared a mistrial on that count.

"In February 2017, Fontenot was retried for the count 1 murder, along with special allegations of multiple murders and the personal and intentional discharge of a firearm in the commission of the crime. The jury found Fontenot guilty of first degree murder and found both special allegations true.

"[¶] . . . [¶]

"The court sentenced Fontenot to life without the possibility of parole for count 1 and an additional 25 years to life, to be served consecutively, for the firearm enhancement. It sentenced Fontenot to 15 years to life for count 2, which the court stayed 'consecutive to the above.' The court also applied a firearm enhancement to the second count, for 25 years to life, and stated the total prison commitment would be life without the possibility of parole, consecutive to 50 years to life for the firearm enhancements."

---

[2] "The length of time between the charges being filed and commencement of the first trial was due, in part, to psychological testing to determine Fontenot's competence to stand trial. The court ordered psychological evaluations in 2011 and found Fontenot competent to stand trial in August 2012. It ordered additional evaluations in June and July 2014, and in February 2016. The court found Fontenot competent to stand trial again in April 2016."

4

*Juvenile Transfer Hearing*

We conditionally reversed and remanded the count 2 conviction for the 2009 murder of G.B., which Fontenot committed when he was 17 years and 4 months old. We instructed the juvenile court to conduct a transfer hearing, directing it to reinstate the judgment as to count 2 and conduct a resentencing hearing if it determined it would have transferred Fontenot to criminal court. (*Fontenot*, *supra*, D074575.)

We also found the court had incorrectly applied section 654 by staying the conviction in count 2 because the two counts regarded unrelated murders that occurred two years apart: "the trial court did not have discretion to stay the sentence on count 2 pursuant to section 654." We further noted that had the stay been properly applied, the inclusion of the sentence for the related firearm enhancement was improper because accompanying enhancements must also be stayed. (*Fontenot*, *supra*, D074575, citing *People v. Calles* (2012) 209 Cal.App.4th 1200, 1221; *People v. Guildford* (1984) 151 Cal.App.3d 406, 412 ["[I]f the stay of the sentence for the base term becomes permanent, time for that enhancement, by definition, will never be served"].)

On remand, the juvenile court found Fontenot "was appropriately tried in adult court." The matter returned to criminal court for resentencing.

*Resentencing Hearing*

At the resentencing hearing, Fontenot requested the prison terms on counts 1 and 2 to run concurrently. The court commented: "Mr. Fontenot's personal request i[s] that the sentences run concurrent, but the Court has no ability to do [that] pursuant to the law and based on the counts that were found in which he was found guilty beyond a reasonable doubt." It then explained it was "lift[ing] its previously imposed stay pursuant to the Appellate Court's direction and run[ning] that consecutive based on the fact

5

that it was multiple—or a different victim." The court imposed a sentence of life in prison without the possibility of parole as to count 1 and 15 years to life for count 2, to run consecutively. Additionally, the court found that Fontenot exhibited a "high degree of cruelty, viciousness, and callousness," and it imposed a gun enhancement of 25 years to life on each count, for a total of 50 years to life. Thus, Fontenot was sentenced to life in prison without the possibility of parole plus 65 years to life in prison.

Fontenot timely appealed.

## II

## DISCUSSION

### A. Assembly Bill No. 2361

Prior to the enactment of Assembly Bill No. 2361, the prosecution bore the burden of establishing that a minor was not suitable for rehabilitation under the juvenile court system using a standard of preponderance of the evidence. (*Kevin P. v. Superior Court* (2020) 57 Cal.App.5th 173, 186.) While this appeal was pending, Assembly Bill No. 2361 became effective. (Stats. 2022, ch. 330, § 1 (Assem. Bill 2361) eff. Jan. 1, 2023.) It amended Welfare and Institutions Code section 707 to require a juvenile court, in evaluating whether to transfer a minor to adult court, to apply the standard of proof of clear and convincing evidence to the ultimate finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court. The new law also requires the juvenile court to state in an order the reasons supporting its finding that the minor is not amenable to the rehabilitation. (Welf. & Inst. Code, § 707, subd. (a)(3).)

Fontenot and the Attorney General agree that the amendments to section 707 apply retroactively under *In re Estrada* (1965) 63 Cal.2d 740 and *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299. In *Estrada,* the

6

Supreme Court held that an amendment to a statute that reduces the punishment for a crime applies retroactively to any case in which the judgment is not final before the amendment's operative date, unless there is evidence of contrary legislative intent. (*Estrada*, at pp. 742-746.) In *Lara,* the Supreme Court considered the retroactivity of Proposition 57, which prohibited prosecutors from charging juveniles with crimes directly in adult court and instead required that they commence the action in juvenile court and seek transfer to the adult court. Although Proposition 57 did not reduce the punishment for a crime, "[t]he possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult can result in dramatically different and more lenient treatment. Therefore, Proposition 57 reduces the possible punishment for a class of persons, namely juveniles." (*Lara,* at p. 303.) The Supreme Court thus concluded that "Proposition 57 applie[d] to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Id.* at p. 304.)

Because amended Welfare and Institutions Code section 707 requires clear and convincing evidence, it heightens the prosecution's burden of proof at a transfer hearing, which thereby increases the possibility of treatment in juvenile court and reduces the possible punishment for a person who was a juvenile at the time he or she committed the crime. Thus, we agree with Fontenot and the Attorney General that Assembly Bill No. 2361's changes to Welfare and Institutions Code section 707 apply retroactively to juveniles transferred to adult courts whose judgments were not final as of January 1, 2023. This includes Fontenot.

Accordingly, we conditionally reverse the conviction and sentence on count 2, and we order the juvenile court to conduct a juvenile transfer

hearing. If the juvenile court determines that the matter should have been addressed in the juvenile court, the juvenile court shall impose an appropriate disposition for the conviction on the second count. If the juvenile court determines it would have transferred Fontenot to a court of criminal jurisdiction, the original conviction and sentence must be reinstated and remanded to the trial court for resentencing, as we detail *post*.

## B. Penal Code Section 12022.53

Fontenot also asks us to remand the matter for resentencing because he contends the court was unaware of its discretion to replace the gun enhancement under section 12022.53 subdivision (d) with a lesser enhancement. The Attorney General contends Fontenot forfeited this issue by failing to make the request at resentencing and asks us to adopt the reasoning indicated in *People v. Tirado* (2022) 12 Cal.5th 688, at page 694, footnote 8 (*Tirado*). There, the Supreme Court acknowledged that the defendant could have forfeited the request for a lesser enhancement by not specifically requesting that the trial court strike or reduce the enhancement imposed. However, the Supreme Court did not actually reach a conclusion regarding forfeiture. It simply gave the parties the opportunity to address the "unresolved forfeiture argument" on remand. Thus, there is no reasoning for us to adopt.

At the time of sentencing, there was a split of authority regarding the court's discretion under section 12022.53. *People v. Morrison* (2019) 34 Cal.App.5th 217 had concluded that, under the newly amended subdivision (h), trial courts had discretion to strike an enhancement and replace it with a lesser included, uncharged enhancement. (*Morrison*, at pp. 222-223.) *People v. Tirado* (2019) 38 Cal.App.5th 637, at page 643, review granted November 13, 2019, S257658 and reversed and remanded by *Tirado,*

8

*supra*, 12 Cal.5th 688, had held that subdivision (h) did not authorize a court to substitute one enhancement for another. Because the Supreme Court resolved a split of authority among the Courts of Appeal in *Tirado*, the new understanding applies retrospectively to the nonfinal judgment here (see *People v. Guerra* (1984) 37 Cal.3d 385, 400), so we remand for resentencing regardless of the forfeiture issue.

Further, at the time of resentencing, the Supreme Court had not yet issued its decision in *Tirado*, and nothing in the record indicates the trial court anticipated the holding or otherwise understood its discretion to impose lesser enhancements if it struck the enhancements under section 12022.53, subdivision (d). Although we remanded the matter so that the superior court could consider its discretion under section 12022.53, subdivision (d), the Attorney General does not point to anything in the record indicating that the court understood its discretion to be something other than the binary choice to either impose or strike the enhancements.

Fontenot asked the trial court to strike either or both firearm enhancements. Fontenot's attorney argued that the court had not been empowered to strike the use of the firearm at the first sentencing hearing, but it was "now empowered to strike the use of the firearm." The prosecution likewise treated the court's discretion as limited to striking the firearm enhancements: "The People ask that the Court not exercise its discretion in striking any of the allegations . . . ."

Neither Fontenot nor the prosecutor argued that the court had discretion to impose a section 12022.53, subdivisions (b) or (c) enhancement in lieu of the section 12022.53 subdivision (d) enhancement. They simply addressed whether the court should strike a firearm enhancement, and the court declined to do so. Accordingly, it is appropriate to remand the matter

for resentencing so that the court has an opportunity to consider its full discretion.

## C. Penal Code Section 669

Section 669 gives a trial court discretion to impose concurrent or consecutive prison terms on a defendant who has been convicted of more than one felony punishable by a life term. (*People v. Jenkins* (1995) 10 Cal.4th 234, 256; *People v. Shaw* (2004) 122 Cal.App.4th 453, 459 [concurrent terms not prohibited].)

The Attorney General acknowledges that the court "apparently misunderstood its discretion to impose concurrent sentences" under section 669. Notwithstanding the court's comments in the resentencing hearing that Fontenot acted with a "high degree of cruelty, viciousness, and callousness," the record does not clearly indicate the trial court would have declined to run the sentences concurrently had it understood its discretion to run the terms concurrently. " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Moreover, because we are remanding the matter for resentencing, Fontenot will have an opportunity to raise any sentencing issues at that time,

including the court's discretion under section 669.[3] (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decision when resentencing a defendant"].) We express no view on the sentence Fontenot may receive upon resentencing.

### D. Corrections to Abstract of Judgment

The parties agree the abstract of judgment incorrectly identifies the dates of the offense and conviction in count 2. These should be corrected to reflect that the offense in count 2 occurred in 2009, and the conviction for count 2 occurred September 8, 2016. In our previous decision, we also ordered the removal of the parole revocation fine because Fontenot was sentenced to life in prison without the possibility of parole. Although we previously instructed the clerk of the superior court to make these corrections, they were not made. Additionally, on September 10, 2021, the superior court found that Fontenot had served a total of 3,783 actual days in custody but was not entitled to any additional conduct credit. The actual days of custody credit should be included in the amended abstract of judgment.

"[W]hen an appellate court remands a matter with directions governing the proceedings on remand, ' "those directions are binding on the trial court and *must* be followed." ' " (*People v.* Ramirez (2019) 35 Cal.App.5th 55, 64.) On remand, these errors must be corrected.

### DISPOSITION

The judgment of the criminal court on count 2 is conditionally reversed and the matter remanded to the juvenile court with directions to conduct a

---

3    Senate Bill No. 81, which applies to all sentencing after January 1, 2022, added subdivision (c) to section 1385, which also addresses sentencing enhancements.

transfer hearing pursuant to Welfare and Institutions Code section 707 no later than 90 days from the filing of the remittitur.

If, at the transfer hearing, the juvenile court determines it would have transferred Fontenot to a court of criminal jurisdiction, the judgment shall be reinstated as of that date. The court is then directed to conduct a resentencing hearing. Fontenot can raise any other sentence-related arguments at that time.

If, at the transfer hearing, the juvenile court determines that it would *not* have transferred count 2 to a court of criminal jurisdiction, then Fontenot's criminal conviction for count 2 and true finding on the related firearm enhancement will be juvenile adjudications as of that date. The juvenile court is then to conduct a dispositional hearing within its usual time frame. The trial court is then directed to conduct a resentencing hearing on count 1. Fontenot can raise any other sentence-related arguments at that time.

Following the hearings on remand, the clerk of the superior court is instructed to prepare amended abstracts of judgment reflecting the trial court's sentencing decisions. The clerk is further instructed to remove the parole revocation fine, and to amend the abstract to reflect that the offense in count 2 occurred in 2009 and that the conviction for count 2 occurred September 8, 2016. The clerk is also instructed to amend the abstract of judgment to reflect that the actual days of custody credit as of September 10, 2021 totaled 3,783 or to update the actual days of custody credit following the

new resentencing hearing.  The clerk shall serve certified copies on the Department of Corrections and Rehabilitation.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.